**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**ALEKSANDR VLADIMIROVICH
SPITSYN,**

    **Defendant.**

**CRIMINAL ACTION FILE**

**NO. 1:20-cr-325-MLB-AJB-03**

**UNITED STATES MAGISTRATE JUDGE'S ORDER
AND FINAL REPORT AND RECOMMENDATION**

Before the Court are Defendant Aleksandr Vladimirovich Spitsyn's ("Spitsyn") motions to dismiss for lack of jurisdiction, [Doc. 55], to quash Count One of the indictment, [Doc. 60], and for a bill of particulars, [Doc. 66]. For the following reasons, the Court **DENIES AS MOOT** the motion for a bill of particulars and **RECOMMENDS** that the motions to dismiss and to quash be **DENIED**.

## I.    BACKGROUND

Spitsyn is named in Count One of the indictment with a money laundering

conspiracy in violation of 18 U.S.C. § 1956(h).[1]  That count alleges that between

2018 and August 2020, Spitsyn and his codefendants Grigorii Aleksandrovich

Baskakov ("Baskakov")[2] and Igor Aleksandrovich Zhirnov ("Zhirnov")[3], in this

District and elsewhere, conspired to commit offenses against the United States in

violation of § 1956, that is by conducting and attempting to conduct financial

transactions involving the proceeds of wire and bank fraud, knowing that the

transactions were designed in whole or in part to conceal and disguise the proceeds

of the specified unlawful activity as well as to avoid federal transaction reporting

requirements.  [Doc. 15 at 1-2].  The indictment further alleges that the defendants

and others engaged in a scheme to help distribute proceeds of wire and bank fraud

in the United States to coconspirators overseas, using unwitting victims who would

deposit fraudulent checks and transmit them to the defendants, who then would

transmit the funds overseas.  The indictment explains that, in March 2020, an Italian

company named Transavia S.R.L. recruited Victim #1 to receive a number of

checks in the mail; a Transavia representative instructed Victim #1 to cash the

---

[1]     He also is named in a forfeiture provision.  [Doc. 15 at 7].

[2]     Baskakov is charged in Counts Five, Six, and Seven with money laundering.
[Doc. 15 at 6].

[3]     Zhirnov is charged in Counts Two, Three, and Four with money laundering.
[Doc. 15 at 5].

2

checks using Victim #1's bank account; in April and May 2020, Victim #1 cashed checks using his/her bank account; once the checks were cashed, Victim #1 was instructed to mail packages of cash to either Baskakov or Zhirnov (they were known to Victim #1 through alias names); Victim #1 mailed packages containing a total of approximately $12,630 in U.S. currency to Baskakov, and packages containing a total of approximately $7,195 in U.S. currency to Zhirnov; after receiving money from victims, the defendants deposited those funds into their own personal bank accounts in which they frequently kept the deposits at or below $10,000, in an effort to avoid the banks' currency transaction reporting requirements; and then the defendants wired the funds to members of the conspiracy located overseas. [*Id.* at 3-4]. The indictment claims that the defendants frequently disguised the wires by falsely claiming they were for legitimate services, such as "payment for transport," "for flowers," "family support," or "payment for services." [*Id.* at 4]. Lastly, the conspiracy count alleges that throughout the conspiracy, the defendants deposited millions of dollars in cash into their bank accounts, most of which was then wired to members of the conspiracy located overseas. [*Id.*].

## II.    **MOTION TO DISMISS, [DOC. 55]**

Spitsyn contends that the indictment against him should be dismissed

3

because the Court has no jurisdiction over him and the "actual, multiple conspiracies" alleged since he is not accused of committing any overt acts in this district, no overt acts were committed in this district during the time he was an alleged member of the conspiracy, and he is not accused of collaborating to commit any overt act with a codefendant who is charged with committing an overt act in this district.  [Doc. 55 at 1].  In support of his argument, he references the criminal complaint, that alleges a series of overt acts between November 2018 and May 2019 in New York and that there were no allegations therein that he committed or participated in the commission of any overt acts in this district or was a member of the conspiracy when an overt act was committed in this district.  [*Id.* at 2 (citing [Doc. 1 at 10-15])].  He acknowledges that jurisdiction and venue are proper in any district where an overt act was committed in furtherance of the conspiracy, but contends that the Government cannot exploit this principle by incorrectly broadening the location of an alleged "wheel" conspiracy.  [*Id.* at 3-5].

The Government responds that Spitsyn's motion is at best premature, since the indictment expressly alleges that venue occurred in this district.  [Doc. 71 at 2-3].  In reply, Spitsyn argues that the out-of-circuit cases relied upon by the Government are distinguishable and by how it responded the Government must be conceding that it cannot prove that there is jurisdiction over him.  [Doc. 77 at 2-4].

4

The Court concludes that the Government has the better argument on this issue.  First, the issue that Spitsyn raises is one of venue, not jurisdiction.  "Subject-matter jurisdiction defines the court's *authority* to hear a given type of case. . . ." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (emphasis added) (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)).  This Court, like all other federal district courts, has "original jurisdiction, exclusive of the courts of the [s]tates, of all offenses against the laws of the United States."  18 U.S.C. § 3231; *see also United States v. Luton*, 486 F.2d 1021, 1023 (5th Cir. 1973) ("Both venue and territorial jurisdiction of a federal district court in criminal cases depend on some part of the criminal activity having occurred within its territory."); *United States v. Roberts,* 618 F.2d 530, 537 (9th Cir. 1980) (explaining the difference between subject matter jurisdiction and venue and stating that "[e]very federal district court has jurisdiction over the subject matter" of an offense against the laws of the United States).  The Court undoubtedly has jurisdiction over a violation of § 1956(h).

Turning to venue, Article III, section 2, clause 3 of the United States Constitution provides that:

> The Trial of all Crimes, except in Cases of Impeachment, shall be by Jury; and such Trial shall be held in the State where the said Crimes shall have been committed; but when not committed within any State,

5

the Trial shall be at such Place or Places as the Congress may by Law have directed.

U.S. Const. art. III, § 2, cl. 3.  The Sixth Amendment likewise provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury *of the State and district where the crime shall have been committed*."  U.S. Const. amend. VI (emphasis added).  This right to trial in the location of the offense is also codified in Federal Rule of Criminal Procedure 18, which states that a defendant is entitled to be prosecuted in "a district where the offense was committed."

"[V]enue is an essential element of the government's proof at trial."  *United States v. Snipes*, 611 F.3d 855, 865 (11th Cir. 2010).  "As with resolving other important elements contained in a charge, a jury must decide whether the venue was proper." *Id.* at 866.

Criminal conspiracies, like the one alleged in this case, frequently extend beyond the boundaries of a particular district, and, thus, the offense can be "committed" in several locations.  Since venue lies in any district in which the offense was committed, venue is generally proper in any district in which the conspiracy was formed or where an overt act was committed in furtherance of the conspiracy.  *United States v. Lewis*, 676 F.2d 508, 511 (11th Cir. 1982) ("[W]here a criminal conspirator commits an act in one district which is intended to further a

6

conspiracy by virtue of its effect in another district, the act has been committed in both districts and venue is properly laid in either."); *see United States v. Smith*, 918 F.2d 1551, 1557 (11th Cir. 1990) ("In a conspiracy case, venue is proper in any district where an overt act was committed in furtherance of the conspiracy."); *see also* 18 U.S.C. § 3237(a). "[The] overt act may be committed by any conspirator, anyone who aids or abets a conspirator, or anyone a conspirator causes to act." *United States v. Shoss*, 523 Fed. Appx. 713, 715 (11th Cir. July 24, 2013) (quoting *United States v. Bradley*, 644 F.3d 1213, 1255 n. 87 (11th Cir. 2011)). Furthermore, "the overt act in the location of the venue need not be alleged in the indictment, so long as evidence of the act is presented at trial and the defendant is given constitutionally sufficient notice of the charges against him." *Id.* at 715-16; *see also Whitfield v. United States*, 543 U.S. 209, 219 (2005) ("[C]onviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy.").

While venue must ultimately be established by the jury, the sufficiency of the indictment is another matter. "An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." *Snipes*, 611 F.3d at 865 (quotation marks and citation omitted). Thus, "[i]f a grand jury

returns a facially valid indictment containing a proper statement of venue, pretrial determination of venue on the merits is improper because the issue is reserved for a jury's determination." *United States v. Ruiz-Murillo*, 736 Fed. Appx. 812, 818 (11th Cir. June 1, 2018) (citing *Snipes*, 611 F.3d at 866-67).

Finally, to the extent that Spitsyn claims that there are multiple conspiracies based on allegations in the criminal complaint, suffice it to say that the indictment, which is the operative charging document in this case, alleges a single conspiracy. *United States v. Russell*, 703 F.2d 1243, 1247 (11th Cir. 1983). In order to determine whether the requirements for joinder contained in Rule 8(b) are met, the Court must examine the face of the indictment; if its allegations, taken as true, establish participation of each defendant in a single conspiracy, joinder is proper under the rule. Since a single conspiracy is alleged in the indictment, Spitsyn is not entitled to pretrial dismissal of the indictment (or Count One).

As a result, the undersigned **RECOMMENDS** that Spitsyn's motion to dismiss, [Doc. 55], be **DENIED**.

### III.   MOTION TO QUASH, [DOC. 60]

In this motion, Spitsyn argues that the indictment should be quashed because it fails to allege essential facts, in that it does not allege how he supposedly knew that the currency at issue represented the proceeds of specified unlawful activities

(i.e., cashing fraudulent checks), and lacks any factual basis for how he conspired or committed an act to "conceal or disguise" any aspect of the fraudulent checks or to avoid a transaction reporting requirement. [Doc. 60 at 4-5]. He also contends that the indictment is deficient in that it fails to establish that he committed an overt act, or to identify any source or payee of a fraudulent check, any alleged "unwitting victim," any amount of currency sent to him, or the conspirators overseas who received the currency or transmitted funds. [*Id.* at 5-6].

In response, the Government argues that Count One tracks the statutory language and contains more than enough factual detail to place Spitsyn on notice of the allegations against him and to defend against Double Jeopardy. [Doc. 71 at 6]. It points out that an indictment for violating § 1956(h) is not defective for failing to allege an overt act, [*id.* at 6-7], and argues that the type of detail Spitsyn contends is constitutionally necessary is not required. [*Id.* at 7-8].

In reply, Spitsyn contends that the mere citation of statutory language fails to adequately inform him of the pending charge. [Doc. 78 at 2]. He faults the indictment for failing to describe how Spitsyn allegedly knew that the funds he is accused of distributing were obtained by cashing fraudulent checks, nor does it allege facts that demonstrate how he conspired to conceal or disguise the nature of

the proceeds from the fraudulent checks or to avoid a financial transaction reporting requirement.  [*Id.* at 3].

The Government has the better argument on this motion as well.  The sufficiency of an indictment presents a legal question.  *United States v. Pendergraft*, 297 F.3d 1198, 1204 (11ᵗʰ Cir. 2002) (citing *United States v. Steele*, 178 F.3d 1230, 1233 (11ᵗʰ Cir. 1999)).  "The sufficiency of a criminal indictment is determined from its face." *United States v. Salman*, 378 F.3d 1266, 1268 (11ᵗʰ Cir. 2004) (quoting *United States v. Critzer*, 951 F.2d 306, 307 (11ᵗʰ Cir. 1992)).  The Eleventh Circuit instructs that "[a]s a general rule, 'practical, rather than technical, considerations govern the validity of an indictment.' "  *See United States v. Seher*, 562 F.3d 1344, 1356 (11ᵗʰ Cir. 2009) (quoting *United States v. Hooshmand*, 931 F.2d 725, 735 (11ᵗʰ Cir. 1991)); *see also United States v. London*, 550 F.2d 206, 211 (5ᵗʰ Cir. 1977)[4] ("The validity of the indictment must be determined by practical, not technical, considerations.").  "Generally, an indictment is sufficient if it: 1) sets forth the elements of the offense in a manner which fairly informs the defendant of the charge against which he must defend and 2) enables him to enter

---

[4] Error! Main Document Only.  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11ᵗʰ Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

a plea which will bar future prosecution for the same offense." *United States v. Poirier*, 321 F.3d 1024, 1028 (11ᵗʰ Cir. 2003) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974), and *Belt v. United States*, 868 F.2d 1208, 1211 (11ᵗʰ Cir. 1989)); *see also United States v. Schmitz*, 634 F.3d 1247, 1259 (11ᵗʰ Cir. 2011) (" 'An indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.") (quoting *United States v. Jordan*, 582 F.3d 1239, 1245 (11ᵗʰ Cir. 2009)) (citation and quotations omitted). These standards are designed to ensure an indictment's compliance with the Sixth Amendment's requirement to put the defendant on notice of the nature and cause of the accusation and the Fifth Amendment's guarantees of due process and return of a grand jury indictment only after a finding of probable cause to support all of the necessary elements of the crime. *See United States v. Fern*, 155 F.3d 1318, 1325 (11ᵗʰ Cir. 1998) (citing *United States v. Gayle*, 967 F.2d 483, 485 (11ᵗʰ Cir. 1992) (en banc)).

"It is not necessary for an indictment . . . to allege in detail the factual proof that will be relied upon to support the charges." *United States v. Sharpe*, 438 F.3d 1257, 1263 n.3 (11ᵗʰ Cir. 2006) (quotation marks and citation omitted)).

11

As the Eleventh Circuit held in *United States v. Wayerski*, 624 F.3d 1342 (11ᵗʰ Cir. 2010):

> If an indictment specifically refers to the statute on which the charge was based, the reference to the statutory language adequately informs the defendant of the charge.  Moreover, the constitutional standard is fulfilled by an indictment that tracks the wording of the statute, as long as the language sets forth the essential elements of the crime.  When the facts alleged in the indictment permit an inference that the grand jury found probable cause, the indictment satisfies the Fifth Amendment.

*Wayerski*, 624 F.3d at 1349-50 (citations, quotation marks, and footnotes omitted); *see also London*, 550 F.2d at 211 ("The test is not whether the indictment might have been drawn with greater certainty and exactitude, but rather whether it set forth the elements of the offense charged and sufficiently apprised defendants of the charges.").

"Under § 1956(h), 'only two elements of conspiracy need be proven: (1) an agreement between two or more persons to commit a money-laundering offense; and (2) knowing and voluntary participation in that agreement by the defendant.' " *United States v. Ruan*, 966 F.3d 1101, 1148 (11ᵗʰ Cir. 2020) (quoting *United States v. Moran*, 778 F.3d 942, 962 (11ᵗʰ Cir. 2015), and *United States v. Broughton*, 689 F.3d 1260, 1280 (11ᵗʰ Cir. 2012)), *cert. granted,* 142 S. Ct. 457 (2021).

Here, the indictment was more than sufficiently pleaded.  Significantly, " 'an indictment for conspiracy to commit a criminal offense need not be as specific as a

12

substantive count.' " *United States v. Vonn*, 702 F.2d 1341, 1348 (11th Cir. 1983) (quoting *United States v. Ramos*, 666 F.2d 469, 475 (11th Cir. 1982)); *see also United States v. Guerra*, 293 F.3d 1279, 1285 (11th Cir. 2002) ("A defendant may be found guilty of conspiracy if the evidence demonstrates that he knew the 'essential objective' of the conspiracy, even if he did not know all its details or played only a minor role in the overall scheme.") (internal citation omitted).

Count One adequately sets out an agreement between two or more persons to commit a money laundering offense.  It alleges that Spitsyn and his codefendants schemed to help distribute wire and bank fraud proceeds from the United States to others who were overseas, using unwitting victims to deposit fraudulent checks into their bank accounts and then mail packages of cash (the proceeds from the checks) to the defendants, who then deposited the cash, frequently in amounts under $10,000 to avoid the currency-transaction reporting requirements, into their personal bank accounts before transmitting the proceeds by wire overseas, frequently described as payments for fictitious services.  [Doc. 15 at 3-4].  While the conspiracy count does not allege any specific act expressly committed by Spitsyn, a money-laundering conspiracy does not require an allegation of an overt act, *Whitfield*, 543 U.S. at 219, nor is it rendered constitutionally insufficient because it does not detail how Spitsyn is not an "unwitting victim," or how the

checks were fraudulent, or how he himself concealed or disguised the proceeds of the unlawful activity or acted to evade a currency-transaction reporting requirement.

Second, as to his knowing and voluntary joinder in the conspiracy charged, "[w]hile knowing participation is an element of any conspiracy charge . . . an indictment need not detail the evidence the Government intends to introduce at trial to prove that a defendant knew he was participating in a conspiracy to commit a crime.  It must only set forth 'the essential facts constituting the offense charged.' Fed. R. Crim. P. 7(c)(1)." *United States v. Bobo*, No. 1:06CR0172-02-TWT-CCH, 2007 WL 962976, at *3 (N.D. Ga. Feb. 16, 2007) (involving conspiracy charged under 18 U.S.C. § 371), *report and recommendation adopted*, No. 1:06-CR-172-2-TWT, 2007 WL 9676896 (N.D. Ga. Mar. 23, 2007).  The indictment in this case in fact did so.  It charged Spitsyn and his codefendants with knowingly conspiring to commit offenses against the United States in violation of 18 U.S.C. § 1956, specifically § 1956(a)(1)(B)(i) and § 1956(a)(1)(B)(ii).  *See United States v. Buckingham*, No. 418CR00376RDPJEO2, 2018 WL 6570874, at *4 (N.D. Ala. Dec. 13, 2018) (holding that count sufficiently alleged money-laundering conspiracy by alleging that defendant and others "knowingly" agreed with each other to commit the offense of promotional money laundering and thereby violate § 1956(a)(1)(A)(i)).

14

The present indictment should be contrasted with the one found wanting in

*United States v. Knowles*, 2 F. Supp. 2d 1135 (E.D. Wis. 1998), where the

indictment read as follows:

> The Grand Jury Charges: From on or about January 1, 1996, and
> continuing to on or about October 3, 1997, with the State and Eastern
> District of Wisconsin, and elsewhere, [defendant] did knowingly
> conspire with other persons both known and unknown, to commit
> money laundering with the intent to promote the carrying on of drug
> trafficking. All in violation of Title 18, United States Code,
> §§ 1956(a)(1)(A) and (h) and 2.

*Knowles*, 2 F. Supp. 2d at 1138.  In the present case, the indictment alleges that the

defendants recruited unwitting victims to receive fraudulent checks, deposit the

checks into their bank accounts, and to send the proceeds of the checks in cash to

Spitsyn's coconspirators; and that the defendants deposited the cash into their own

bank accounts, frequently keeping the amounts below the currency transaction

reporting threshold, and then wired the funds to others in the conspiracy frequently

disguising the wires payment for legitimate services such as "for transport," "for

flowers," "family support," or "payment for services."  [Doc. 15 at 3-4].  Those

allegations more than adequately advise Spitsyn of the essential elements of the

charged offense, of the charges to be defended against, and to enable him to rely

upon a judgment under the indictment as a bar against double jeopardy for any

subsequent prosecution for the same offense. *Poirier*, 321 F.3d at 1028.  Indeed,

"much of [Spitsyn's] [m]otion [to dismiss] . . . challenge[s] the sufficiency of the government's evidence for proving an element of a charged offense," but these "challenges . . . are not appropriate for this [m]otion[.]" *United States v. Litvak*, No. 3:13-CR-19 (JCH), 2013 WL 5740891, at *5 (D. Conn. Oct. 21, 2013) (citations omitted).

As a result, the undersigned **RECOMMENDS** that Spitsyn's motion to quash the indictment, [Doc. 60], be **DENIED**.

## IV.   MOTION FOR BILL OF PARTICULARS, [DOC. 66]

In this motion, Spitsyn seeks a bill of particulars as to (1) funds sent to him that were derived from fraudulent checks; (2) funds sent to co-defendants that were derived from fraudulent checks; (3) deposits that he made that were designed in whole or in part to avoid a transaction reporting requirement; (4) deposits that his codefendants made that were designed in whole or in part to avoid a transaction reporting requirement.  [Doc. 66 at 2].  In his reply to the Government's response ([Doc. 71]), Spitsyn states that he is satisfied with the Government's willingness to produce particularized discovery material and thus, a bill of particulars is not needed.  [Doc. 79 at 1-2].  Accordingly, Spitsyn's motion for a bill of particulars, [Doc. 66], is **DENIED AS MOOT**.

## V.   CONCLUSION

For all of the reasons stated above, the undersigned **RECOMMENDS** that Defendant Spitsyn's motion to dismiss, [Doc. 55], and motion to quash, [Doc. 60], be **DENIED**.  Spitsyn's motion for a bill of particulars, [Doc. 66], is **DENIED AS MOOT**.

The Court has now ruled upon, or recommended a ruling upon, all matter referred pursuant to Standing Order 14-02 (N.D. Ga. Aug. 15, 2014).  As a result, this matter is **CERTIFIED READY FOR TRIAL**.

**IT IS SO RECOMMENDED, ORDERED, and CERTIFIED**, this 11th  day of January, 2022.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE