IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

United States of America,

v.                                                     Case No. 1:20-cr-325-MLB

Aleksandr Vladimirovich Spitsyn
(3),

        Defendant.

_____/

**OPINION & ORDER**

The Magistrate Judge issued a Report and Recommendation saying the Court should deny Defendant Aleksandr Vladimirovich Spitsyn's motions to dismiss for lack of jurisdiction, to quash Count One of the indictment, and for a bill of particulars. (Dkts. 55, 60, 66.)  Defendant Spitsyn filed objections but really just reasserted his prior arguments without identifying any error in the Magistrate Judge's analysis. (Dkt. 107.)  The Court adopts the recommendation in its entirety.

I. **Background and Procedural History**

The Magistrate Judge included a detailed recitation of the facts pertinent to Defendant Spitsyn's various motions.  (Dkt. 104 at 2-3.)

Defendant Spitsyn admits those facts are accurate. (Dkt. 107 at 2.) In general, the United States alleges that between 2018 and August 2020, Defendant Spitsyn and codefendants Grigorii Aleksandrovich Baskakov and Igor Aleksandrovich Zhirnov conspired to commit the offense of money laundering, in violation of 18 U.S.C. § 1956(h). (Dkt. 15 at 1-2.) The indictment says the co-conspirators conducted and attempted to conduct financial transactions involving the proceeds of wire and bank fraud, knowing the transactions were designed to conceal the proceeds of the specified unlawful activity and to avoid federal transaction reporting requirements. (*Id.*) The indictment further alleges the defendants (and others) engaged in a scheme to help distribute proceeds of wire and bank fraud in the United States to coconspirators overseas, using unwitting victims who deposited fraudulent checks and transmitted the proceed to the defendants, who then sent the money overseas. (*Id.* at 3.) By way of one example, the indictment explains that, in March 2020, an Italian company named Transavia S.R.L. recruited Victim #1 to receive checks using Victim #1's bank account; in April and May 2020, Victim #1 cashed checks using his or her bank account and mailed cash to Baskakov and Zhirnov, specifically $12,630 to Baskakov and $7,195 to Zhirnov. (*Id.*)

The indictment does not include a specific example of a package Defendant Spitzyn received, but generally alleges he did so. (*Id.* at 3.) According to the indictment, after Baskakov and Zhirnov received the money, the defendants deposited it into their own personal bank accounts (often keeping the deposits at or below $10,000 to avoid scrutiny). The defendants wired the funds to members of the conspiracy located overseas. (*Id.* at 3-4.) The indictment claims the defendants frequently disguised the wires they sent or received by falsely claiming they were for legitimate services, such as "payment for transport," "for flowers," "family support," or "payment for services." (*Id.* at 4.) The conspiracy count alleges that, throughout the conspiracy, the defendants deposited millions of dollars in cash into their own bank accounts, most of which they then wired to members of the conspiracy located overseas. (*Id.*) Lastly, the indictment claims Defendant Spitsyn and his co-conspirators committed the offense, in this District and elsewhere. (*Id.* at 1.)

The indictment includes substantive money laundering charges against Baskakov or Zhirnov for specifically identified transactions. It includes no such charges against Defendant Spitsyn. He is only charged in the conspiracy count.

## II.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's R&R.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59; *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The district judge should "give fresh consideration to those issues to which specific objection has been made by a party."  *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted).  For those findings and recommendations to which a party has not asserted objections, a court must conduct a plain error review of the record.  *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Parties filing objections to a magistrate judge's R&R must specifically identify those findings to which they object.  *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).  "Frivolous, conclusive, or general objections need not be considered by the district court."  *Id.* Defendant Spitsyn does not really identify any error by the Magistrate

4

Judge but rather simply reargues his positions as thought the Report and Recommendation does not exist. Nevertheless and to be clear, the Court has conducted a de novo review.

## III. Discussion

### A. Motion to Dismiss for Lack of Venue

Spitsyn moved to dismiss the indictment, arguing the Court has no jurisdiction over him because he is not accused of committing any overt act in this district, no overt act was committed in this district during the time he was an alleged member of the conspiracy, and he is not accused of collaborating to commit any overt act with a codefendant who is charged with committing an overt act in this district. (Dkt. 55 at 1.) The Magistrate Judge interpreted that as an actual attack on the Court's venue and recommended denial of his motion because the indictment adequately alleges venue, leaving the final determination of venue to the jury. (Dkt. 104 at 5-6.)[1]

---

[1] Defendant Spitsyn agrees the Magistrate Judge properly characterized his motion to dismiss as an attack on the Court's venue, calling the difference between jurisdiction and venue "academic." (Dkt. 107 at n.3.)

The United States Constitution, the Sixth Amendment, and the Federal Rules of Criminal Procedure all guarantee a defendant the right to be tried in the district in which the United States claims he or she committed the crime.  See  U.S. Const. art. III, § 2, cl. 3 (trial for a crime other than impeachment "shall be held in the State" where the crime was committed); U.S. Const. amend. VI (criminal defendant shall face trial "by an impartial jury of the State and district where the crime shall have been committed"); Fed. R. Crim. P. 18 (trial required in "a district where the offense was committed").  Venue is thus "an essential element of the government's proof at trial."  *United States v. Snipes*, 611 F.3d 855, 865 (11th Cir. 2010).

Some crimes occur in more than one district.  A person sends a threatening letter from one district to another district.  Or another person uses the telephone or internet in one district to defraud someone in another district.  Conspiracies that last years, involve international connections, and conspirators in multiple states may very well occur in multiple districts.  At the very least, that would not be surprising.  Since venue lies in any district in which the offense was committed, venue is generally proper in any district in which a conspiracy was formed or

where an overt act was committed in furtherance of the conspiracy. *United States v. Lewis*, 676 F.2d 508, 511 (11th Cir. 1982) ("[W]here a criminal conspirator commits an act in one district which is intended to further a conspiracy by virtue of its effect in another district, the act has been committed in both districts and venue is properly laid in either."); *see also United States v. Smith*, 918 F.2d 1551, 1557 (11th Cir. 1990) ("In a conspiracy case, venue is proper in any district where an overt act was committed in furtherance of the conspiracy."). "[The] overt act may be committed by any conspirator, anyone who aids or abets a conspirator, or anyone a conspirator causes to act." *United States v. Shoss*, 523 Fed. Appx. 713, 715 (11th Cir. July 24, 2013) (quoting *United States v. Bradley*, 644 F.3d 1213, 1255 n. 87 (11th Cir. 2011)).

Defendant Spitsyn identifies no law the Magistrate Judge misconstrued or factual error in his determination the indictment adequately alleges venue. He simply reargues his claim venue is lacking because—in the absence of an allegation that some overt act was committed in the Northern District of Georgia—the general allegation the defendants committed the conspiracy offense here and elsewhere is insufficient to establish venue. (Dkt 107 at 5.) But, "the overt act in the

7

location of the venue need not be alleged in the indictment, so long as evidence of the act is presented at trial and the defendant is given constitutionally sufficient notice of the charges against him." *Shoss*, 523 Fed. Appx. at 715-16. So this argument fails.

Defendant Spitsyn also argues (again, as he did before Magistrate Judge Baverman) that, while the criminal complaint initially filed against him alleged he committed a series of overt acts in further of the conspiracy between November 2018 and May 2019 in New York, the criminal complaints initially filed against his codefendants alleged they committed separate acts in this district between April 2020 and May 2020. He argues this comparison "confirms that [he] did not participate in the alleged money laundering conspiracy while any overt act was committed" in this district. (Dkt. 107 at 6 (emphasis added).)

Not true. Defendant Spitsyn grounds his argument on the incorrect assumption that the terms and scope of an indictment are limited by the terms and scope of a criminal complaint. That, of course, is not the law. Whatever locational or temporal allegations it included in the initial complaints, the United States was entitled to recraft the indictment in the manner it deemed appropriate. The Court rejects Defendant

Spitsyn's attempt to limit the scope of the indictment or otherwise interpret it by virtue of previously filed complaints.

And, even if it his interpretation of the pleadings was controlling, it would not matter. The United States is not required to allege or prove an overt act in this district *during* the time Defendant Spitsyn was a member of the conspiracy. Again, a conspiracy may be prosecuted in the district where it was formed or in any district where an overt act was committed in furtherance of its objects. *Smith*, 918 F.2d at 1557. An overt act "may be that of only a single one of the conspirators and need not be itself a crime." *Braverman v. United States*, 317 U.S. 49, 53 (1942). "[A]n individual conspirator need not participate in the overt act in furtherance of the conspiracy. Once a conspiracy is established, and an individual is linked to that conspiracy, an overt act committed by any conspirator is sufficient." *United States v. Thomas*, 8 F.3d 1552, 1560 n.21 (11th Cir.1993). So long as Defendant Spitsyn was a member of the conspiracy and someone within the conspiracy committed an overt within this district, venue is proper here. Temporal overlap is not required.

Alternatively Defendant Spitsyn argues the indictment alleges multiple conspiracies in other federal districts as a single conspiracy in

9

[this district]." (Dkt. 107 at 6.) It does not say that. The indictment alleges a single conspiracy that occurred in this district and in other places. Defendant Spitsyn's argument is inconsistent with the plain language of the pleading. To the extent Defendant Spitsyn suggests the Court should parse the evidence to determine nature of the conspiracy charge and where it allegedly occurred, the Court concludes it lacks such authority. "As with resolving other important elements contained in a charge, a jury must decide whether the venue was proper." *Snipes*, 611 F.3d at 866. For pretrial purposes, the Court examines only the face of the indictment and has no authority to examine venue in a pretrial setting. *Id.* The United States obtained an indictment from a grand jury alleging Defendant Spitsyn (and his co-defendants) conspired in this District (and elsewhere) to commit certain federal crimes. Those allegations are, at this point, "enough to call for trial." *Snipes*, 611 F.3d at 865.

The Court adopts the Magistrate Judge's recommendation and denies Defendant Spitsyn's motion to dismiss for improper venue.

### B. Motion to Quash

Defendant Spitsyn also moved to quash the indictment on the grounds it fails to adequately inform him of the pending charges. The Magistrate Judge concluded the indictment sufficiently sets forth the elements of the offense charged so Defendant Spitsyn may enter a plea and protect himself from double jeopardy. (Dkt. 104 at 8-16.)

Again, rather than identifying an error by the Magistrate Judge, Defendant Spitsyn merely reargues his earlier points. He raises three separate arguments. First, he says that, while the indictment requires the United States to prove he knew the currency at issue was the proceeds of cashing fraudulent checks and that he conspired to conduct financial transactions to conceal or disguise the nature, source, or ownership of the proceeds or to avoid a transaction reporting requirement, the indictment does not explain ***how*** he had the requisite knowledge or ***how*** he committed an act to conceal or disguise the nature of the money. (Dkt. 107 at 9-10.) Second, he argues the indictment is defective because "as the scheme is describes, [he] had no contact with the fraudulent checks and no communication with people who cashed them." (*Id*. at 10.) Finally, he claims the indictment must be quashed

11

because Count One does not identify many other relevant facts, including any overt act he committed, any person who was the source of a fraudulent checks, any unwitting victim (let alone an unwitting victim who sent a check to him), the amount of money obtained from cashing any fraudulent check (let along the amount he obtained from doing so), any dates on which he received such money, and the identity of the overseas co-conspirators who received the fraudulent proceeds from him. (*Id.* at 10-11.)

Defendant Spitsyn's first argument imposes pleading requirements on the United States—specifically to allege the basis for its claim Defendant Spitsyn had knowledge of the fraudulent activity and how he disguised the nature of the money—that the law does not support. As Magistrate Judge Baverman noted, "[g]enerally, an indictment is sufficient if it: 1) sets forth the elements of the offense in a manner which fairly informs the defendant of the charge against which he [or she] must defend and 2) enables him [or her] to enter a plea which will bar future prosecution for the same offense." *United States v. Poirier*, 321 F.3d 1024, 1028 (11th Cir. 2003). This rule ensures the indictment serves two vital functions. "First, it puts the defendant on notice of 'the nature and cause

12

of the accusation as required by the Sixth Amendment of the Constitution. Second, it fulfills the Fifth Amendment's indictment requirement, ensuring that a grand jury only return an indictment when it finds probable cause to support all the necessary elements of the crime." *United States v. Fern*, 155 F.3d 1318, 1325 (11th Cir. 1998) (*citing United States v. Gayle*, 967 F.2d 483, 485 (11th Cir.1992) (en banc)); *see also United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011) ("An indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense."). An indictment sufficiently informs the defendant of the crime charged if it "specifically refers to the statute on which the charge was based"; satisfies the Sixth Amendment if it "tracks the wording of the statute, as long as the language sets forth the essential elements of the crime"; and passes Fifth Amendment constitutional muster "[w]hen the facts alleged in the indictment permit an inference that the grand jury found probable

13

cause." *United States v. Wayerski*, 624 F.3d 1342, 1349-50 (11th Cir. 2010).

Contrary to Defendant Spitsyn's argument, the United States was not required "to allege in detail the factual proof that [it will rely] upon to support the charges" against him. *United States v. Sharpe*, 438 F.3d 1257, 1263 n.3 (11th Cir. 2006) (quotation marks and citation omitted)). Conspiracy to commit money laundering has two elements "(1) an agreement between two or more persons to commit a money-laundering offense; and (2) knowing and voluntary participation in that agreement by the defendant.'" *United States v. Ruan*, 966 F.3d 1101, 1148 (11th Cir. 2020). Count One adequately sets out an agreement between two or more persons to commit a money laundering offense. It alleges Defendant Spitsyn and his codefendants schemed to help distribute the proceeds of wire and bank fraud from the United States to coconspirators overseas. It alleges the defendants did this by using unwitting victims to deposit fraudulent checks into their bank accounts and then mail the cash proceeds to them. It says they then deposited the cash into their own accounts (often in a manner intended to avoid detection by law enforcement) and wired the fraudulent proceeds to conspirators overseas

(often describing wires as payments for fictitious services like "for transport," "for flowers," "family support," or "payment for services"). (Dkt. 15 at 3-4.) That is sufficient, even in the absence of specific allegations as to the basis for its claim Defendant Spitsyn had knowledge of the fraudulent activity and that he disguised the nature of the money.

Defendant Spitsyn's second argument incorrectly assumes the conspiracy charge alleges he had no contact with fraudulent checks or communications with people who cashed them. True, it does not identify any such contacts or communication. But it also does not say he had none. Indeed, it says that "defendants" used unwitting victims to cash checks and that the victims "transmitted the funds to the defendants." (Dkt. 15 at ¶3.) The use of the plural and unqualified "defendants" constitutes an allegation Defendant Spitsyn had such contact. Defendant Spitsyn reads into the indictment's failure to identify specific conduct a representation that he did not engage in that conduct. Those are two different things. And, even if the indictment were read as Defendant Spitsyn argues it should be read, that would make no difference. Defendant Spitsyn need not have direct contact with fraudulent checks

15

or the people who cashed them in order to be a member of the conspiracy alleged. Such contact is not an element of the offense.

Defendant Spitsyn's third argument merely points out the information the United States has not specifically alleged against him. But, again, the indictment need not include all of this. The indictment identifies the criminal statute at issue. It tracks the wording of the statute to ensure it includes all elements of the offense. It also contains significant factual detail, albeit not the specific facts Defendant Spitsyn wants it to include. Those allegations—detailed several times above—permit an inference that the grand jury found probable cause. They also adequately advise Defendant Spitsyn of the charges to be defended against and enable him to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. *Poirier*, 321 F.3d at 1028. The indictment is sufficient and the Court has no authority to demand more.

### C. Motion for Bill of Particulars

Defendant Spitsyn does not challenge the Magistrate Judge's conclusion the United States's offer to produce "particularized discovery"

16

obviates the need for a bill of particulars. The Court thus adopts Magistrate Judge Baverman's recommendation to deny that motion.

## IV. Conclusion

The Court **OVERRULES** Defendant Spitsyn's objections to the Magistrate Judge's Report and Recommendation (Dkt. 107) and adopts that Recommendation (Dkt. 104) in full. The Court **DENIES** Defendant Spitsyn's motion to dismiss for lack of jurisdiction, motion to quash Count One of the indictment, and motion for a bill of particulars. (Dkts. 55, 60, 66.)

**SO ORDERED** this 18th day of February, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE